1  Bruce D. Praet SBN 119430
   **FERGUSON, PRAET & SHERMAN**
2  A Professional Corporation
3  1631 East 18th Street
   Santa Ana, California  92705-7101
4  (714) 953-5300 telephone
   (714) 953-1143 facsimile
5  bpraet@aol.com

6  Attorneys for Defendants

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  BERNARDINA GOMEZ,                    Case No. 1:16-CV-01252 AWI SKO
    individually and as successor-in-
12  interest to Esteven Andrade Gomez,   **STIPULATED PROTECTIVE
    deceased,                            ORDER**
13
14             Plaintiff,

15             vs.

16  CITY OF FARMERSVILLE,
    FARMERSVILLE POLICE
17  DEPARTMENT, and DOES 1-50,
18  inclusive.

19
              Defendants.
20

21        To expedite the flow of discovery materials, to facilitate the prompt

22  resolution of disputes over confidentiality of discovery materials, to adequately

23  protect information the parties are entitled to keep confidential, to ensure that

24
                        STIPULATED PROTECTIVE ORDER

                                    1

only materials that the parties and third-parties are entitled to keep confidential

are subject to such treatment, and to ensure that the parties are permitted

reasonably necessary uses of such materials in preparation for and in the conduct

of trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is

HEREBY ORDERED THAT:

1.     Documents designated as "Confidential" (hereinafter collectively

"Protected Information"), and produced by parties to this action, are subject to

this Protective Order.

2.     "Confidential" documents are those identified in "APPENDIX 1" to

this Protective Order. "APPENDIX 1" may be amended by written agreement of

the parties, with the updated document then being filed with the court.

3.     "Confidential" documents are those for which the designating party

would be entitled to have protected from public disclosure by Court order under

Rule 26(c) of the Federal Rules of Civil Procedure and the relevant case law.

4.     Protected Information shall be used solely in connection with the

civil case of *Gomez, et al. v. City of Farmersville, et al, Case No. 1:16-cv-01252*

*AWI SKO*, and in the preparation of trial of this case, or any related proceeding.

5.     A party producing the documents and materials described above may

designate those materials by affixing a mark labeling them as "Confidential." If

any Protected Information cannot be labeled with the aforementioned marking,

those materials shall be placed in a sealed envelope or other container that is in turn marked with the appropriate designation in a manner agreed upon by the disclosing and requesting parties.

6. Protected Information designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a) Counsel for the parties;

b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

d) Any expert or consultant retained in connection with this action;

e) The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel; and

f) The parties, to the extent reasonably necessary to assist their counsel in this litigation or for their counsel to advise them with respect to the litigation.

STIPULATED PROTECTIVE ORDER

7. All Protected Information filed with the Court for any purpose shall be filed and served under seal in accordance with Local Rule 141.

8. The designation of information as Protected Information, and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

9. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may, by agreement of the parties or by court order, designate such material or information as Protected Information pursuant to the terms of this Protective Order. The signatories to this Protective Order will treat such information as Protected Information to the same extent as if it had been produced by a party.

10. A party may apply to the Court for an order that information designated as Protected Information pursuant to this Protective Order is not, in fact, "confidential." Prior to so applying, the party seeking to reclassify Protected Information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the Protected Information in question shall continue to be treated according to its designation under the terms of this Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a

failure to do so shall not preclude a subsequent challenge thereto.

11.     Each person to whom disclosure is made, with the exception of counsel, and its paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him or her such material, a copy of this Protective Order.  Each person to whom disclosure is made shall agree on the record or in writing that he/she has read the Protective Order and he/she understands the provisions of the Protective Order. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Protective Order, including without limitation, any proceeding for contempt. Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court.

12.     After the conclusion of this litigation, all documents, in whatever form stored or reproduced, containing Protected Information will remain confidential and subject to this Protective Order.  The conclusion of this litigation means a termination of the case following applicable post-trial motions, appeal and/or retrial.  After the conclusion of this litigation, all Protected Information received under the provisions of this Protective Order, including copies made, shall be destroyed, or tendered back to the attorneys for the party or parties

producing the documents.  The parties will also take all reasonable and necessary steps to ensure that persons to whom they disclose another party's Protected Information destroy or return the Protected Information to the producing party.

13.     An agreement between the parties will not suffice to protect the privacy interests at stake with respect to the Protected Information identified in Appendix 1. Those items concern particularly sensitive information that is statutorily privileged under California law, and a court order is needed to ensure such information is not disclosed except as authorized herein.

14.     A court order will also ensure that these terms are enforceable against non-parties in this action as well as future, unrelated matters in which the current parties may not longer be involved.

Respectfully submitted,

DATED:     Nov. 20, 2017      **WAGNER, JONES, KOPFMAN & ARTENIAN, LLP**

_/s/ Laura E. Brown_
Laura E. Brown
Attorneys for Plaintiff

DATED:     Nov. 20, 2017      **FERGUSON, PRAET & SHERMAN A Professional Corporation**

_/s/ Bruce D. Praet_ [1]
Bruce D. Praet
Attorneys for Defendants

---

[1] Signature authorized on November 20, 2017. *See* L.R. 131.

**ORDER**

IT IS SO ORDERED.

Dated:  __**November 21, 2017**__          __/s/ *Sheila K. Oberto*__
                                                          UNITED STATES MAGISTRATE JUDGE

1  Bruce D. Praet SBN 119430
2  **FERGUSON, PRAET & SHERMAN**
   A Professional Corporation
3  1631 East 18th Street
   Santa Ana, California  92705-7101
4  (714) 953-5300 telephone
   (714) 953-1143 facsimile
5  bpraet@aol.com

6  Attorneys for Defendants

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  BERNARDINA GOMEZ,                    Case No. 1:16-CV-01252 AWI SKO
    individually and as successor-in-
12  interest to Esteven Andrade Gomez,
    deceased,
                                         **APPENDIX ONE (1) TO
13                                       STIPULATED PROTECTIVE
                                         ORDER**
14             Plaintiff,

15             vs.

16  CITY OF FARMERSVILLE,
    FARMERSVILLE POLICE
17  DEPARTMENT, and DOES 1-50,
    inclusive.
18
19
          Defendants.
20

21        The following documents are subject to the Stipulated Protective Order

22  filed on October 23, 2017:

23

24                    *APPENDIX 1 to Stipulated Protective Order*

                                      1

1. Records of the Internal Affairs Investigation (criminal and administrative) into the death of ESTEVEN ANDRADE GOMEZ which occurred on July 18, 2015, while he was in custody at the Farmersville Police Department.

- These files contain peace officer administrative findings which are deemed confidential under state law as well as criminal history, medical records and other materials which would give rise to an unwarranted invasion of privacy.

- While such materials may be relevant to the litigants in this matter, it would be adverse to all parties if such materials were subject to public disclosure.

2. The personnel files of Officers JESSIE MCBRIDE and ASHLEY HETTICK compiled in the court of their employment with the Farmersville Police Department.

- These files contain personal information about the Defendant officers including, but not limited to prior discipline, evaluations, background and psychological records.

- These files are statutorily privileged under both state and federal law.

1    The documents listed above are "Confidential" and will be so designated.

2

3    DATED:        Nov. 20, 2017        **WAGNER, JONES, KOPFMAN &**
                                        **ARTENIAN, LLP**

4
                                        */s/ Laura E. Brown*
5                                       Laura E. Brown
                                        Attorneys for Plaintiff
6

7    DATED:        Nov. 20, 2017        **FERGUSON, PRAET & SHERMAN**
                                        **A Professional Corporation**
8

9                                       */s/ Bruce D. Praet* [2]
                                        Bruce D. Praet
10                                      Attorneys for Defendants

11

12

13

14

15

16

17

18

19

20

21

22
-------------------------------------------------------------
23   [2] Signature authorized on November 20, 2017. *See* L.R. 131.

                   *APPENDIX 1 to Stipulated Protective Order*

                                        3